## Bucher's Estate.

*Wills—Construction—Devise to widow—Life estate—Power to consume—Power of sale.*

Where a testator devises real estate to his wife with a provision that, if it is not consumed by her during her life, it shall revert to testator's legal heirs, and with a further power ·to the widow to sell it just as testator could "if he were living," the widow may, in the absence of actual fraud, or in the absence of facts from which actual fraud can be inferred, sell the real estate with full discretion to determine the price thereof.

Argued May 14, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 164, Jan. T., 1928, by J. C. Bucher, an heir, from decree of O. C. York Co., refusing to set aside private sale of real estate, in estate of H. C. Bucher, deceased. Affirmed.

Citation to show cause why private sale of real estate should not be set aside. Before Stock, J.

The opinion of the Supreme Court states the facts.

Citation dismissed. J. C. Bucher, an heir, appealed.

*Error assigned* was decree, quoting record.

*Guy W. Bange,* of *Ehrehart & Bange,* for appellant.

*Walter B. Hays,* for appellees.

Per Curiam, June 30, 1928:

A citation issued at the instance of the heirs-at-law of H. C. Bucher, deceased, to show cause why a private sale and conveyance of certain of his real estate, made by his widow, executrix, under power contained in his will, should not be set aside as null and void. The court below refused the desired relief and dismissed the citation. This appeal followed.

H. C. Bucher died November 3, 1919, leaving a will and codicil, which were probated and letters testamentary thereon granted to his widow, Emma H. Bucher. The will provides, "I give and bequeath to my wife, Emma H. Bucher, all my property both personal and real estate, to have and to hold as her own and to dispose of as she may see proper, the only exception is the property Hanover Pa if not consumed by her during her life time, it to revert to my legal heirs." In a codicil the testator gave his executrix full power to sell and convey any and all of his real and personal estate, "just as I could do were I living."

On March 17, 1923, Emma H. Bucher, executrix, and widow of testator, sold and conveyed at private sale to John J. Bollinger, an undivided one-sixth interest in the Hanover property mentioned in her husband's will, this being the estate in that property of which he died possessed. Emma H. Bucher died on December 11, 1924.

The court below, among other findings of fact, stated: "No actual fraud in the sale and conveyance of this interest in real estate by the executrix to her attorney is found, nor are the proven facts sufficient from which to infer actual fraud by the executrix to defeat the rights of the heirs of H. C. Bucher"; it, therefore, properly concluded that "the executrix was vested with full discretion to determine the price at which this real estate should be sold, and her sale cannot be set aside by the orphans' court in the absence of actual fraud, or in the absence of such facts from which actual fraud can be inferred." We find no error.

The order appealed from is affirmed.